UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN COTTAM,

    Plaintiff,

v.                                                                                  Case No: 5:16-cv-413-Oc-30PRL

CITY OF WILDWOOD, FLORIDA
DEPARTMENT OF LAW
ENFORCEMENT (FDLE), EDDIE
REESER, PAUL VALENTINO,
DOUGLAS PELTON, BRAD KING,
MARK SIMPSON, CONRAD
JUERGENSMEYER, MICHELLE
SUESS, ED MCDONOUGH and
THOMAS STEFFAN,

    Defendants.

## ORDER

THIS CAUSE comes before the Court on the following Motions and Responses:

- Defendant City of Wildwood's motion to dismiss (Doc. 19);

- Defendant Douglas Pelton's motion to dismiss (Doc. 20);

- Defendant Eddie Reeser's motion to dismiss (Doc. 21);

- Defendant Paul Valentino's motion to dismiss (Doc. 22);

- Plaintiff John Cottam's response to Defendants City of Wildwood, Eddie Reeser, Paul Valentino, and Douglas Pelton's motions to dismiss (Doc. 23);

- Defendants Florida Department of Law Enforcement, Brad King, Mark Simpson, Conrad Juergensmeyer, Michelle Seuss, and Thomas Steffan's motion to dismiss (Doc. 26);

- Defendant Ed McDonough's motion to dismiss (Doc. 30);

- Plaintiff John Cottam's response to Defendants Florida Department of Law Enforcement, Brad King, Mark Simpson, Conrad Juergensmeyer, Michelle Seuss, and Thomas Steffan's motion to dismiss and response to Defendant Ed McDonough's motion to dismiss (Doc. 35); and

- Defendants Florida Department of Law Enforcement, Conrad Juergensmeyer, Brad King, Ed McDonough, Mark Simpson, Thomas Steffan, and Michelle Seuss's motion to strike Plaintiff John Cottam's response to Defendants' motions to dismiss (Doc. 54).

The Court has considered these filings, the complaint, and the relevant law and concludes the complaint should be dismissed for the reasons discussed below.

## FACTUAL BACKGROUND

The facts of this case arise from a July 23, 2012 traffic stop of Plaintiff John Cottam by Wildwood Police Department Officer Douglas Pelton. After Pelton initiated a traffic stop for speeding, Pelton was hostile, demeaning, and excessively authoritative when he approached Plaintiff. Pelton issued Plaintiff a speeding citation and arrested Plaintiff for eluding a law enforcement officer, a third-degree felony. Plaintiff was searched and his vehicle was impounded. Plaintiff insists that the eluding charge was fabricated because he stopped at the next safe point, and that Pelton lacked probable cause to arrest him.

2

After his arrest, Plaintiff requested a copy of the video from Pelton's police cruiser, but was told no video exists. Plaintiff was also told that there were no audio logs or written logs showing Pelton followed department procedure of notifying dispatch when a vehicle fails to pull over.

Assistant State Attorney Ed McDonough, the prosecuting attorney handling Plaintiff's case, abandoned the eluding charge and instead pursued a misdemeanor reckless driving charge. Plaintiff alleges that all Defendants allowed the criminal proceedings to continue based on the fabricated arrest and that all Defendants supported Pelton's improper arrest. Specifically, Plaintiff alleges:

- McDonough, State Attorney for the Fifth Judicial Circuit Brad King, and Assistant State Attorney Michelle Seuss continued with Plaintiff's prosecution despite having exculpatory evidence;

- City of Wildwood Police Chief Eddie "E.W." Reeser and City of Wildwood Police Captain Paul Valentino declined to conduct an investigation to corroborate or dispel Pelton and McDonough's position despite having evidence refuting Pelton's allegations;

- Assistant State Attorneys Mark Simpson and Conrad Juergensmeyer declined to conduct an investigation to corroborate or dispel Pelton and McDonough's position despite having exculpatory evidence; and

- Florida Department of Law Enforcement ("FDLE") Agent Thomas Steffan declined to conduct an investigation to corroborate or dispel Pelton and McDonough's position despite having evidence refuting Pelton's allegations.

The state court ultimately dismissed the reckless driving charge against Plaintiff. Although the charges against Plaintiff were dismissed, Plaintiff alleges that the felony arrest and subsequent prosecution of the reckless driving charge negatively affected his reputation as a medical doctor in his community since the arrest is a public record.

## PROCEDURAL BACKGROUND

Plaintiff filed this action alleging the Defendants conspired to and did deprive him of his constitutional rights in violation of 42 U.S.C. §§ 1983 and 1985, as well as several Florida tort claims. (Doc. 1). Specifically, the complaint contains the following counts:[1]

- Count I: False Arrest and False Imprisonment against Pelton;
- Count II: Malicious Prosecution against all Defendants;
- Count III: Conspiracy to violate civil rights against all Defendants;
- Count IV: Intentional infliction of emotional distress against all Defendants;
- Count V: Violation of due process against all Defendants;
- Count VI: Battery against Pelton; and
- Count VII: Assault against Pelton.

The Court previously dismissed with prejudice the claims against City of Wildwood Police Department because it was not a proper Defendant. (Doc. 31).

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss,

---

[1] All non-municipal Defendants are being sued in their individual and official capacities.

courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

## **DISCUSSION**

The eleven remaining Defendants filed six motions to dismiss, raising nine separate arguments. For the sake of judicial efficiency, the Court will address those arguments as they pertain to groupings of the Defendants when doing so makes sense.

**A. Shotgun Pleading**

All Defendants argue that the complaint is an impermissible shotgun pleading. The Eleventh Circuit has described the following categories of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("[S]hotgun pleadings wreak havoc on the judicial system."). Shotgun complaints should be dismissed without prejudice, and Plaintiff should be given an opportunity to remedy the deficiencies. *See Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (suggesting that it is sufficient to give a plaintiff who has filed a shotgun pleading one chance to re-plead correctly).

The complaint (Doc. 1) manages to fall into each category of shotgun pleading to one degree or another. The complaint contains seven counts, and all but Count VII reincorporate all previous paragraphs. The complaint also alleges conclusory, vague, and immaterial facts which are not obviously related to any count in particular. Count I, which fails to specify whether it is brought under § 1983 or Florida tort law, potentially contains two separate causes of action against Pelton. *See Mathis v. Coats*, 24 So. 3d 1284, 1289

6

(Fla. Dist. Ct. App. 2010). The complaint also broadly asserts Counts II through V against all Defendants without alleging for which acts or omissions Plaintiff seeks to hold each Defendant responsible. In total, the Court concludes the complaint fails to put the Defendants on notice of Plaintiff's claims against them. Accordingly, the complaint should be dismissed without prejudice so Plaintiff can correct these pleading deficiencies.

### B. Duplicative Counts

Sections 1983 and 1985 claims against state agents in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent," not against the officer individually. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55, (1978)); *see also Penley v. Eslinger*, 605 F.3d 843, 854–55 (11th Cir. 2010). In other words, official-capacity suits against policymakers are effectively suits against the government entity. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1115 (11th Cir. 2005). Courts should dismiss official capacity suits when both the officer and entity are being sued because allowing counts of this kind to remain only creates the possibility of jury confusion. *See Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 2005).

Defendants, Pelton, Reese, and Valentino (collectively, the "Police Department Defendants") all move to dismiss the claims against them in their official capacity because Plaintiff is suing the City of Wildwood (the "City"). The Court agrees that these counts against the Police Department Defendants in their official capacities are duplicative and should be dismissed with prejudice. Plaintiff will be given leave to adequately plead a cause of action against the Police Department Defendants in their individual capacities.

Although not raised by Steffan, the Court concludes the same reasoning is applicable to him as an agent of Defendant FDLE. Accordingly, the claims against Steffan in his official capacity are also dismissed with prejudice.

### C. Qualified Immunity

The Police Department Defendants and Defendant Stefan also raise the defense of qualified immunity. "To receive qualified immunity, 'the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.' " *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). Once a defendant demonstrates he was acting within the scope of his discretionary authority, "the burden then shift[s] to the [plaintiff] to show that qualified immunity should not apply because: (1) the [official] violated a constitutional right, and (2) that right was clearly established at the time of the incident." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1166 (11th Cir. 2009). A plaintiff withstands a motion to dismiss predicated on qualified immunity by alleging "sufficient facts to support a finding of a constitutional violation of a clearly established law." *Chandler v. Sec'y of Fla. Dep't of Transp.,* 695 F.3d 1194, 1198 (11th Cir.2012) (citing *Oliver v. Fiorino,* 586 F.3d 898, 905 (11th Cir. 2009)); *see also Andreu v. Sapp,* 919 F.2d 637, 639 (11th Cir. 1990) ("[T]he defendant is entitled to dismissal when the plaintiff has failed to allege a violation of a clearly established right.").

The Court concludes Stefan is entitled to qualified immunity, but the Police Department Defendants are not. Plaintiff only alleges Stefan failed to investigate Pelton's position and does not allege Stefan participated in framing Plaintiff. Given that the Eleventh Circuit has held an investigating officer is entitled to qualified immunity even if

he fails to intervene and stop another officer from fabricating evidence, *Jones v. Cannon*, 174 F.3d 1271, 1286 (11th Cir. 1999), this Court concludes an officer who does not even investigate allegations of fabricating evidence would also be entitled to immunity. Accordingly, the claims against Defendant Stefan in his individual capacity are dismissed with prejudice.

As to the Police Department Defendants, it is too soon for the Court to rule whether qualified immunity is appropriate based on the unclear allegations in the complaint. The Court notes, however, that Plaintiff must allege more than vicarious liability as to Reeser and Valentino. *West v. Tillman,* 496 F.3d 1321, 1328 (11th Cir. 2007). Rather,

> "[t]o state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct.

*Barr v. Gee*, 437 F. App'x 865, 875 (11th Cir. 2011) (citing *Tillman*, 496 F.3d at 1328–29). For now, though, this defense is denied without prejudice as to the Police Department Defendants to raise if Plaintiff amends his complaint.

### D. Prosecutorial Immunity

Plaintiff alleges McDonough continued to prosecute him despite knowing of the evidence fabricated by Pelton, namely, the falsity of his statements. Plaintiff also alleges King and Seuss, with McDonough, continued to prosecute him despite having exculpatory evidence. Finally, Plaintiff alleges Simpson and Juergensmeyer declined to investigate Pelton despite having exculpatory evidence. Plaintiff does not allege McDonough, King,

Seuss, Simpson, or Juergensmeyer (collectively, the "State Attorney Defendants") personally fabricated any evidence. As explained below, the State Attorney Defendants are entitled to prosecutorial immunity.

The Eleventh Circuit has explained,

> A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government. The prosecutorial function includes the initiation and pursuit of criminal prosecution, and all appearances before the court, including examining witnesses and presenting evidence. Under these principles, it is clear that, even if [a prosecutor] knowingly proffered perjured testimony and fabricated exhibits at trial, he is entitled to absolute immunity from liability for doing so.

*Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279–80 (11th Cir. 2002) (internal citations omitted); *see also Barr*, 437 F. App'x at 876.

Plaintiff has not alleged that he is seeking to hold the State Attorney Defendants responsible for any acts not within the scope of their prosecutorial function. Instead, Plaintiff alleges the State Attorney Defendants prosecuted Plaintiff with knowingly false evidence or failed to investigate Pelton for providing fabricated evidence—all of which fall within their prosecutorial function. Accordingly, the claims against the State Attorney Defendants in their individual capacities must be dismissed with prejudice.

### E. Eleventh Amendment Immunity

FDLE argues it has immunity from prosecution under the Eleventh Amendment. Plaintiff does not address this argument in his response to FDLE's motion to dismiss. The Court agrees with the various district courts that have recognized FDLE's right to immunity in § 1983 and § 1985 claims. *See e.g. Desravines v. Florida Dep't of Fin. Servs.*, No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *4 (M.D. Fla. May 23, 2011), *report and*

*recommendation adopted*, No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011); *Emerson v. Bailey*, No. 208-CV-560-FTM-29SPC, 2009 WL 1930188, at *4–5 (M.D. Fla. June 30, 2009); *Irwin v. Miami-Dade Cty. Pub. Sch.*, No. 06-23029-CIV, 2009 WL 465038, at *2 (S.D. Fla. Feb. 24, 2009), *aff'd*, 398 F. App'x 503 (11th Cir. 2010); *see also Cuyler v. Scriven*, No. 6:11-CV-00087-MEF, 2011 WL 861709, at *2 (M.D. Fla. Mar. 9, 2011) (explaining Eleventh Amendment immunity applies to § 1985 claims). Therefore, the claims against FDLE must be dismissed with prejudice.

The Court concludes the same result should be reached for the State Attorney Defendants in their official capacities. The State Attorney's Office is an "arm of the state," and thus entitled to Eleventh Amendment immunity. *Hatten v. Decopai*, No. 2:13-CV-829-FTM-29, 2013 WL 6231256, at *2 (M.D. Fla. Dec. 2, 2013); *Cyber Zone E-Cafe, Inc. v. King*, 782 F. Supp. 2d 1331, 1337 (M.D. Fla. 2011); *Rich v. City of Jacksonville*, No. 3:09-CV-454-J-34MCR, 2010 WL 4403095, at *3 (M.D. Fla. Mar. 31, 2010); *Perez v. State Attorney's Office*, No. 608CV-1199-ORL-31KRS, 2008 WL 4539430, at *2 (M.D. Fla. Oct. 8, 2008). Accordingly, the claims against the State Attorney Defendants in their official capacity are also dismissed with prejudice.

### F. Sovereign Immunity

Defendants Steffan and the State Attorney Defendants, in their official capacities; the City; and FDLE all claim they have sovereign immunity against Plaintiff's claims for malicious prosecution (Count II) and intentional infliction of emotional distress (Count IV). The Court agrees. *See Weiland*, 792 F.3d at 1330 (holding claims against municipality for malicious prosecution and intentional infliction of emotion distress are barred by

sovereign immunity under Florida law). As such, Counts II and IV must be dismissed with prejudice against these Defendants.

### G. Municipal Liability

The City argues the claims against it must be dismissed because Plaintiff failed to plead a plausible basis for municipal liability. A municipality can be held liable under § 1983 if it has "a policy, custom, or practice" that causes a constitutional deprivation. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016). A plaintiff's conclusory or "naked allegations" are insufficient; instead a plaintiff must allege facts supporting a liability theory "that is plausible on its face." *Id.* at 1280. Municipal liability cannot be based on vicarious liability or *respondeat superior* in § 1983 or §1985 claims. *Id.* at 1279; *see also Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir. 2007) (citing *Monell*, 436 U.S. at 694–95); *Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. 2012).

Plaintiff failed to allege any basis by which to hold the City liable for the actions of any of the Police Department Defendants, and the claims against the City should be dismissed. Because the complaint is unclear for what acts or omissions Plaintiff seeks to hold the Police Department Defendants liable in Counts II–V, however, the Court cannot say Plaintiff cannot possibly plead a plausible basis for municipal liability. As such, the claims against the City should be dismissed without prejudice so Plaintiff has a chance to correct the pleading deficiencies, if he can.

### H. Failure to State a Claim under § 1985

The State Attorney Defendants, FDLE, Steffan, and the Police Department Defendants all argue Plaintiff failed to state a claim under § 1985. To state a claim, a plaintiff must allege the following:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002). The Eleventh Circuit has explained that § 1985 was meant "to stifle the serious class-based deprivation of constitutional rights by private parties…." *Id.* As such, "the second element requires a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 628 (11th Cir. 1992).

The Court concludes the complaint fails to state a claim under § 1985. Plaintiff did not plead any facts indicating that the alleged conspiracy to prosecute him was in any way motivated by race, class, or another invidiously discriminatory animus. Accordingly, the Court must dismiss Plaintiff's § 1985 claim without prejudice.

### I. Punitive Damages

The City moves to preemptively dismiss any potential claim of punitive damages against it since Plaintiff pled he intends to seek punitive damages in the future. This issue is not yet ripe since no claim for punitive damages has been made against any Defendant. The Court notes, however, that the City is correct that municipalities are immune from

punitive damage for actions arising under § 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

## **CONCLUSION**

For the reasons stated above, Plaintiff's complaint must be dismissed. Plaintiff will be permitted to file an amended complaint for those claims not dismissed with prejudice by this Order.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant City of Wildwood's motion to dismiss (Doc. 19) is GRANTED.

   A. Counts II and IV are DISMISSED WITH PREJUDICE against Defendant City of Wildwood.

   B. Counts III and V are DISMISSED without prejudice against Defendant City of Wildwood.

2. Defendant Douglas Pelton's motion to dismiss (Doc. 20) is GRANTED.

   A. Counts I, II, III, IV, V, VI, and VII are DISMISSED WITH PREJUDICE against Defendant Douglas Pelton in his official capacity.

   B. Counts I, II, III, IV, V, VI, and VII are DISMISSED without prejudice against Defendant Douglas Pelton in his individual capacity.

3. Defendant Eddie Reeser's motion to Dismiss (Doc. 21) is GRANTED.

   A. Counts II, III, IV, and V are DISMISSED WITH PREJUDICE against Defendant Eddie Reeser in his official capacity.

   B. Counts II, III, IV, and V are DISMISSED without prejudice against Defendant Eddie Reeser in his individual capacity.

4. Defendant Paul Valentino's motion to Dismiss (Doc. 22) is GRANTED.

   A. Counts II, III, IV, and V are DISMISSED WITH PREJUDICE against Defendant Paul Valentino in his official capacity.

   B. Counts II, III, IV, and V are DISMISSED without prejudice against Defendant Paul Valentino in his individual capacity.

5. Defendants Florida Department of Law Enforcement, Brad King, Mark Simpson, Conrad Juergensmeyer, Michelle Seuss, and Thomas Steffan's motion to dismiss (Doc. 26) is GRANTED.

   A. Counts II, III, IV, and V are DISMISSED WITH PREJUDICE against Defendant FDLE.

   B. Counts II, III, IV, and V are DISMISSED WITH PREJUDICE against Defendants Steffan, McDonough, King, Seuss, Simpson, and Juergensmeyer in their official and individual capacities.

6. Defendant Ed McDonough's motion to dismiss (Doc. 30) is GRANTED.

   A. Counts II, III, IV, and V are DISMISSED WITH PREJUDICE against Defendant Ed McDonough in his official and individual capacities.

7. Plaintiff John Cottam may file an amended complaint within fourteen (14) days of this Order's entry. Failure to file an amended complaint within the fourteen (14) days will result in this case being closed without further notice.

8. Based on this Court's ruling that Plaintiff has 14 days to file an amended complaint, the Court DENIES Plaintiff John Cottam's motions for leave to amend (Docs. 32 and 53) as moot.

9. The Court also DENIES Defendants Florida Department of Law Enforcement, Conrad Juergensmeyer, Brad King, Ed McDonough, Mark Simpson, Thomas Steffan, and Michelle Seuss's motion to strike (Doc. 54) as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of October, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record