**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

JOHN COTTAM,

    Plaintiff,

v.                                                Case No: 5:16-cv-413-Oc-30PRL

CITY OF WILDWOOD, EDDIE
REESER, PAUL VALENTINO and
DOUGLAS PELTON,

    Defendants.

## ORDER

Doctor John Cottam sued the City of Wildwood, Police Chief E.W. Reeser, Officer Paul Valentino, and Officer Douglas Pelton claiming Pelton falsely arrested him. Plaintiff also claims Defendants subsequently conspired and committed various unlawful acts. After the Court dismissed (Doc. 56) the complaint (Doc. 1), Plaintiff filed an amended complaint (Doc. 59) that Defendants now move to dismiss (Doc. 65). The Court must dismiss the amended complaint because it is a proscribed shotgun pleading.

## DISCUSSION

In reviewing a *pro se* complaint, the court must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."

Case 5:16-cv-00413-JSM-PRL   Document 69   Filed 11/30/16   Page 2 of 4 PageID 601

(citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

The amended complaint must be dismissed because it is still plagued by the deficiencies the Court discussed in its prior order. Plaintiff again filed a shotgun pleading, incorporating all prior counts into successive counts, listing all Defendants in each count, and failing to parse out the facts for which Plaintiff alleges each Defendant is responsible. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1130 (11th Cir. 2001) ("[S]hotgun pleadings wreak havoc on the judicial system."). If Plaintiff files a second amended complaint without correcting these defects, his case could be dismissed with prejudice—meaning he could forever lose the right to seek redress for Defendants' allegedly unlawful actions.[1]

While this defect alone warrants dismissal, the Court would be remiss not to address five other defects that Plaintiff must correct in a subsequent pleading. First, Plaintiff has two "Count X"s (fraud and racketeering). Second, there is no such thing as holding some defendants liable directly and others as proximate cause, which Plaintiff attempted to do in

---

[1] Contrary to Plaintiff's opinion, a dismissal with prejudice for failure to file a proper pleading would not be "abusive." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

2

every count except Count XIII. Third, Plaintiff cannot reallege claims that were previously dismissed with prejudice against the same defendants, as he did with Counts II and IV against the City of Wildwood. Fourth, Plaintiff must clearly state under what law (e.g. federal or Florida, statute or common law) he is bringing claims because, from a legal standpoint, those distinctions matter. Fifth and finally, this is not a criminal prosecution of Defendants, and Plaintiff cannot bring claims based on violation of criminal statutes without some legal authority.

That said, the Court in no way expresses an opinion about the validity of Plaintiff's claims. Accepting his allegations (many of which are missing from the amended complaint but are fleshed out in Plaintiff's response) as true, Plaintiff may be entitled to relief. But before a jury is permitted to decide that, Plaintiff must present his claims properly so Defendants are given fair notice and can properly respond.[2]

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Doc. 65) is GRANTED.
2. The Amended Complaint (Doc. 59) is DISMISSED without prejudice.
3. Plaintiff John Cottam may file an amended complaint within fourteen (14) days of this Order's entry. Failure to file an amended complaint within the fourteen (14) days will result in this case being closed without further notice.

---

[2] Given the complex nature of this area of law, it may behoove Plaintiff to retain a lawyer skilled at presenting such claims. This suggestion is in no way a slight against Plaintiff, and he is certainly welcome to disregard it. But, just as Plaintiff might scoff at even the brightest lawyer trying to make a medical diagnosis without proper training, Plaintiff should consider if a skilled lawyer might be better suited at pleading his case.

**DONE** and **ORDERED** in Tampa, Florida, this 30th day of November, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record