## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**Case No.:**5:16- CV-413-Oc-30PRL

**JOHN COTTAM,**

      Plaintiff,

vs.                                                                                     <u>SWORN COMPLAINT</u>

**CITY OF WILDWOOD,**
**and**
**CITY OF WILDWOOD POLICE CHIEF EDDIE REESER,**
**CITY OF WILDWOOD POLICE CAPTAIN PAUL VALENTINO**
**CITY OF WILDWOOD POLICE OFFICER  DOUGLAS PELTON,**

      In their Individual Capacity,

      Defendant(s).

_____/

### <u>SECOND AMENDED COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983, TORTIOUS ACTS UNDER FLORIDA STATE LAW,  DEMAND FOR JURY TRIAL AND INJUNCTIVE RELIEF</u>

The Plaintiff, John Cottam, MD sues the Defendants in the amount of $523,000.00 in actual damages for conspiracy to deprive him of his constitutional rights, deprivation of his constitutional rights under color of law, false arrest, false imprisonment, malicious prosecution, intentional infliction of severe emotional distress, negligent infliction of severe emotional distress, violation of due process, equal protection, assault, battery, and defamation; and moves for a judgment in his favor against the Defendants.  In support Plaintiff states, as follows:

### <u>NATURE OF ACTION AND JURISDICTION and VENUE</u>

1.      This is a civil action under 42 U.S.C. § 1983, and Florida tort law seeking damages against Defendants for individual tortious acts.

2.      Plaintiff brings this action resulting from damages incurred due to the Defendants' actions; to wit:   conspiracy to deprive him of his constitutional rights, deprivation of his constitutional

rights under color of law, false arrest, false imprisonment, malicious prosecution, intentional infliction of severe emotional distress, negligent infliction of severe emotional distress, violation of due process, equal protection, assault, battery, and defamation.

3.      This case arises under the United States Constitution and 42 U.S.C. 1983, and Florida tort law.  This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

4.      All conditions precedent pursuant to Florida Statute 768.28(6) (1993) have occurred, or are not required pursuant to federal case law.

5.      Venue is proper, as the alleged violations contained herein were committed within the borders of Sumter County Florida.

## PARTIES

6.      The Plaintiff, JOHN COTTAM, MD, hereinafter the "Plaintiff," at all times material to this complaint was/is a citizen of the United States of America, and resides at 802 Centerbrook Drive, Brandon, in Hillsborough County, Florida.

7.      Defendant CITY OF WILDWOOD is a legal municipality located within Sumter County, Florida.

8.      Defendant EDDIE REESER, at all times herein was employed as the Wildwood Police Department's Chief of Police, acting under the color of law, and had the final authority over, and retained responsibility for his subordinate police officers' actions or inactions.

9.      Defendant PAUL VALENTINO, at all times herein was employed as the Wildwood Police Department's Captain of Police, acting under the color of law, and had authority over, and retained responsibility for his subordinate police officers' actions or inactions.

10.     Defendant DOUGLAS PELTON, at all times herein was employed as a police officer for the Defendant Wildwood Police Department, acting under the color of law.

## STATEMENT OF FACTS

11.    On July 23, 2012, Defendant PELTON performed a traffic stop on the Plaintiff for speeding.

12.    Plaintiff's vehicle rear window is equipped with a "shade device" that allows for the driver to see out, but prevents **[emphasis added]** all others from seeing into the vehicle through that window.

13.    The Wildwood Police Department's Patrol Cruisers are equipped with cameras to record their traffic stops. Wildwood Police Claim that Defendant PELTON'S car did not have a car cam, but all other cars that arrived later did.

14.    The Wildwood Police Department's policy governing a citizen's failure to stop their vehicle when directed to do so by the police officer displaying their patrol cruisers overhead lights and siren, requires that police officer make a "call out,"; that is to radio his dispatch that the subject vehicle is failing to stop and/or is attempting to "elude" that police officer.

15.    Plaintiff immediately stopped his vehicle as soon as he saw Defendant PELTON'S patrol cruiser overhead lights in his rear view mirror.  This was while they were on a railroad crossing.

16.    Plaintiff contends that Defendant PELTON engaged him at that traffic stop in a hostile, demeaning, and excessively authoritative manner, unlike anything Plaintiff has ever encountered before.

17.    Defendant PELTON issued the Plaintiff a speeding citation and then arrested him for "eluding," a 3rd degree felony pursuant to Florida Statute § 316.1935.   The eluding charge was eventually abandoned by the State, but replaced and remanded to a lower court with a charge of Reckless Driving.

18.    Subsequent to Plaintiff's arrest, he was told by law enforcement officials that no video was available for the subject traffic stop and arrest.

19.    Subsequent to Plaintiff's arrest, he was told by law enforcement officials that no audio record or official written logs were available indicating that Defendant PELTON made the required "call out" as required by his department's policy.

20.     There is no physical evidence to support Defendant PELTON's allegations that the Plaintiff was attempting to "elude" him.

21.     Plaintiff did not consent nor wanted his person searched and handcuffed, nor his freedom to leave upon his will prevented, as it was.

22.     The Plaintiff did not consent nor wanted his vehicle searched and impounded, as it was.

23.     Depositions were requested by Plaintiff and obtained from three witnesses: Officer PELTON, Officer Smalt (also of the Wildwood police) and Officer Tanner (a deputy with the Sumter county Sheriff's office) who supervised the radio call related to the eluding case.

24.     Data/documentation was also retrieved at Plaintiff's request, including pictures of Plaintiff's car, the call log audio from Sumter County Sheriff's office, and the transcribed call log.

25.     State Attorney ASA McDonough was present physically in the same room, for the depositions and presentation of data/documentation.

26.     Plaintiff attempted to have access to un-redacted car-cam evidence from which to this date has been refused by the Wildwood Police, which the Plaintiff contends is illegal.

27.     The criminal cases against Plaintiff were abandoned (Eluding) and then dismissed by the Judge (Reckless Driving).

28.     Plaintiff attempted to have a criminal complaint against Defendant PELTON heard by the Wildwood Police as a first step in obtaining justice, and provided a detailed explanation of the charges being claimed against Defendant PELTON.

29.     Plaintiff received, rather, a response from Defendants VALENTINO and REESER of the Wildwood Police that did not in any way address the crimes committed by defendant PELTON, and did not in any way indicate or document any reasonable or standard investigation regarding Plaintiff's complaint.

30.     Plaintiff then attempted to have the criminal complaint against Defendant PELTON heard by the FDLE as a second step in obtaining justice.

31.     FDLE Agent Stefan, in handling the case, after one very short conversation with Plaintiff over the phone, told Plaintiff he went to the State Attorney's office and had a private conversation with

the same State Attorney ASA McDonough (who was witness to the Officer PELTON'S perjury and proving of it in depositions, etc.).

32.     Plaintiff was informed by phone by Stefan that there would be no prosecution of Defendant PELTON.   Plaintiff never received any documentation of his conversations with VALENTINO, ASA McDonough, And Marshall.

33.     Plaintiff then attempted to have the criminal complaint against Defendant PELTON heard by the State Attorney's office as yet another step in obtaining justice.

34.     Plaintiff received, rather, a response from ASA Juergensmeyer and Simpson that did not in any way address the crimes committed by defendant PELTON, and did not in any way indicate or document any reasonable or standard investigation regarding Plaintiff's complaint. In fact, the State Attorney's office provided no documentation whatsoever in their "investigation".

35.     Plaintiff asked for documentation of this review and was told in a letter from Juergensmeyer there was no such documentation; no file… and that they were not required to produce any file, but that the case was thoroughly reviewed, and there would be no further review.

36.     Plaintiff received, in response to a repeat Official Criminal Complaint in 2016 to the FDLE, a response from Taveras And Stefan that did not in any way address the crimes committed by Defendant PELTON, and did not in any way indicate or document any reasonable or standard investigation regarding Plaintiff's complaint. In fact, documentation provided showed a classic "Whitewash" of the incident.

37.     FDLE Agent Stefan in his documentation of his investigation states he "spoke with" Defendant Captain VALENTINO of the Wildwood police, and ASA Investigator Dan Marshall (who had a private conversation with ASA McDonough), indicating that ASA Investigator Marshall (who was involved in the State Attorney's office "investigation"), also did not in any reasonable or objective way address the crimes detailed by Plaintiff which were committed by defendant PELTON, and did not in any way indicate or document any reasonable or standard investigation regarding Plaintiff's complaint.

ASA Marshall's involvement was never discussed with Plaintiff by ASAs Juergensmeyer, Simpson and FDLE Agent Stefan.

38.     Not one Defendant who received Plaintiff's Official Criminal Complaint even interviewed Plaintiff or his eye witness.

39.     Defendant CITY OF WILDWOOD is responsible for the acts of its Police Department and officers.

40.     Plaintiff's arrest for a felony is public record; and as a medical doctor has negatively affected his reputation in the community causing him severe emotional distress and significant loss of revenue.

41.     Plaintiff has suffered damages as a result of this action to wit: the cost of litigation, severe emotional distress and significant loss of revenue.

## COUNT I – FALSE ARREST and FALSE IMPRISONMENT – DEFENDANT DOUGLAS PELTON DIRECTLY and ALL OTHER EFENDANTS AS PROXIMATE CAUSE

42.     Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

43.     Defendant PELTON lacked probable cause, and thus the legal authority to arrest the Plaintiff.

44.     Acting under the color of law, Defendant PELTON arrested Plaintiff on the intentionally fabricated charge of "eluding," thereby exceeding Defendant's legal authority.

45.     Defendant PELTON handcuffed the Plaintiff, restricted his movements and prevented the Plaintiff from leaving at his will.  Plaintiff was ultimately confined in jail, violating Plaintiff's 4th Amendment rights.

46.     Defendant PELTON's numerous allegations regarding the eluding charge are completely refuted by the physical evidence, lack of physical evidence, testimony of other public law enforcement

agents, data from other public law enforcement agents, testimony of a third party eye witness, and Defendant PELTON's own written report(s), pictures, and testimony under oath.

47.     Defendant PELTON, under Oath, presented multiple falsifications and fabrications in his charging document and probable cause affidavit.

48.     Defendant Pelton, under Oath, in front of the ASA McDonough and Plaintiff's counsel gave multiple statements that were fraudulent.

49.     Defendant PELTON made claims that another police car headed Plaintiff off and that is why Plaintiff was stopped in the eluding case.  However, Defendant PELTON's own Wildwood Police Partner Officer Smalt testified under oath to the effect that Defendant PELTON was lying.

50.     Defendant PELTON made claims that he was "calling it out" over the radio that he was chasing an eluder.  However, the Sumter County Sherriff's office call log shows this is a lie.

51.     Sumter County Sherriff Deputy Tanner testified under oath, to the effect that Defendant PELTON was lying about "calling it out".

52.     Defendant Pelton made claims that Plaintiff was looking at PELTON in Plaintiff's rear view mirror, yet Defendant PELTON'S own picture taken at the scene proves Defendant PELTON was lying.

53.     Defendant PELTON made claims that he had his siren on.  However, sources including Plaintiff and Plaintiff's eye witness show there was no siren.

54.     Defendant PELTON made several other claims that are also refuted by available data and eye witness testimony.

55.     All Defendants in a position to investigate and prosecute Defendant PELTON consistently refused to do so properly, and created a corrupt environment of lawlessness where such illegal actions by front-line police officers like Defendant PELTON are inevitable.

56.     Actions of all other Defendants therefore were a proximate cause of this false arrest and all other subsequent events, which, as well as Defendant PELTON'S actions, violated Plaintiff's 4th and 14th Amendment rights, among others.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants in an amount which is reasonable, just and proper under the circumstances, together with interest, costs, attorney's fees, and for such other relief this Honorable Court deems just and proper.

### COUNT II – MALICIOUS PROSECUTIONS  (2) – DEFENDANT PELTON, DIRECTLY, and ALL OTHER DEFENDANTS AS PROXIMATE CAUSE

57.     Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

58.     Plaintiff was prosecuted for violation of Florida Statute § 316.1935, "eluding" initiated in a fabricated charge by Defendant PELTON.

59.     Defendant PELTON initiated, and ASAs Mcdounough and ASA Suess allowed for criminal proceedings to continue against Plaintiff for the fabricated violations of Florida Statute § 316.1935, "eluding".

60.     The eluding charge was eventually abandoned by the State (Specifically ASA McDonough) long after ASA McDonough witnessed testimony showing Defendant PELTON had fabricated the charge.

61.      The charge was remanded to a lower court and a charge of Reckless Driving was initiated, but only after Plaintiff refused to plea bargain on any grounds.

62.     The Reckless Driving charge was ultimately dismissed by the court upon Plaintiff's motion to dismiss, ending the entire matter fully in Plaintiff's favor.

63.     Plaintiff contends these actions were initiated/continued out of malice.

64.     Defendant PELTON lacked probable cause to initiate and/or continue prosecution for the fabricated charge of "Eluding".

65.   Defendant PELTON, lacked probable cause to initiate and continue prosecution for the later fabricated charge of Reckless Driving.

66.   Witnesses ASA McDonough and ASA Suess had knowledge of the fabrication by PELTON, as they either were present for the depositions proving of the fabrication (ASA McDonough) and had irrefutable documentation/data proving the fabrication (ASA McDonough and ASA Suess), and regardless they and Defendant PELTON continued the criminal proceedings (Eluding) against Plaintiff and later the Reckless Driving Charge.

67.   Plaintiff contends all the elements of Malicious Prosecution have been met in two cases against Defendant PELTON (In the Eluding and Reckless Driving cases), and fit the criteria of a U.S.C. §1983 Tort.

68.   Actions/Inactions of all Defendants other than PELTON therefore were a proximate cause of this false arrest, assault, malicious prosecutions, extortion, and all other subsequent events and denial of other rights.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants in an amount which is reasonable, just and proper under the circumstances, together with interest, costs, attorney's fees, and for such other relief this Honorable Court deems just and proper.

### COUNT III – CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS – ALL DEFENDANTS other than CITY OF WILDWOOD DIRECTLY, and CITY OF WILDWOOD AS PROXIMATE CAUSE.

69.   Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

70.   All Defendant's agreed to support Defendant PELTON's position and therefore either assisted directly in the matter being prosecuted rather than *"nol prossed,"* that is dismissed upon motion by the State, or were a proximate cause for illegal actions against Plaintiff.

71.   Plaintiff contends it was unlawful to fabricate a criminal charge against the Plaintiff and then, despite the evidence refuting Defendant PELTON's allegations, Defendant PELTON, along with

ASA McDonough and Suess continued the pending criminal action against Plaintiff, extending Plaintiff's illegal "seizure" under the 4th Amendment.

72.     Wildwood police withheld and still withhold exculpatory evidence in the form of car-cam evidence (after multiple requests), and to this day they and the State Attorney's office have not been helpful in getting the proper car-cam evidence from Defendant PELTON'S car and/or the additional three cars that arrived eventually where Plaintiff stopped.

73.     Actions/Inactions of Defendant CITY OF WILDWOOD therefore were a proximate cause of this false arrest, assault, malicious prosecutions and all other subsequent events and denial of other rights.

74.     Plaintiff's civil rights infringed upon include the 4th, 5th, 8th, and 14th amendments.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants in an amount which is reasonable, just and proper under the circumstances, together with interest, costs, attorney's fees, and for such other relief this Honorable Court deems just and proper.

## COUNT IV – INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS (Florida tort law) by DEFENDANTS PELTON, VALENTINO, REESER DIRECTLY and CITY OF WILDWOOD AS PROXIMATE CAUSE

75.     Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

76.     Defendant PELTON knew, or should have known, that fabricating a felony criminal charge and then intentionally arresting and prosecuting the Plaintiff on that fabricated felony charge would cause a deliberate, intentional and reckless infliction of emotional distress on the Plaintiff.

77.     The fabrication of a criminal felony charge and subsequent continued prosecution of the Plaintiff based upon that fabricated felony charge after the fabrication became evident is none other than outrageous conduct on behalf of the Defendant PELTON.  This would naturally cause severe emotional distress, especially to a physician who could lose his license as a result of wrongful conviction.

78.     Defendants' PELTON conduct to "frame an innocent man" is surely "so outrageous in character, and so extreme in degree," that it is considered "atrocious and utterly intolerable in a civilized community."

79.     Actions/Inactions of Defendant CITY OF WILDWOOD therefore were a proximate cause of this false arrest, assault, malicious prosecutions and all other subsequent events and denial of other rights.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants in an amount which is reasonable, just and proper under the circumstances, together with interest, costs, attorney's fees, and for such other relief this Honorable Court deems just and proper.

### COUNT V – NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS (Florida tort law)  by DEFENDANTS PELTON, VALENTINO, REESER,  DIRECTLY and CITY OF WILDWOOD AS PROXIMATE CAUSE

80.     Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

81.      Defendant PELTON knew, or should have known, that fabricating a felony criminal charge and then intentionally arresting and prosecuting the Plaintiff on that fabricated felony charge would at minimum act of negligence and cause a deliberate or reckless infliction of emotional distress on the Plaintiff.

82.     The fabrication of a criminal felony charge and subsequent continued prosecution of the Plaintiff based upon that fabricated felony charge after the fabrication became evident is none other than outrageous conduct on behalf of the Defendant PELTON.  This would naturally cause severe emotional distress.

83.     Defendants' (PELTON) conduct to "frame an innocent man" is surely "so outrageous in character, and so extreme in degree," that it is considered "atrocious and utterly intolerable in a civilized community."

84.     Witnesses Juergensmeyer, Simpson, Marshall, McDonough, Suess, Stefan, Taveras, and Defendants VALENTINO And REESER all had irrefutable evidence of Defendant PELTON's questionable actions against the Plaintiff and took no corrective action.

85.     Actions/Inactions of Defendant CITY OF WILDWOOD therefore were a proximate cause of this false arrest, assault, malicious prosecutions and all other subsequent events and denial of other rights.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants in an amount which is reasonable, just and proper under the circumstances, together with interest, costs, attorney's fees, and for such other relief this Honorable Court deems just and proper.

### COUNT VI – VIOLATION OF DUE PROCESS and EQUAL PROTECTION OF THE LAWS – ALL DEFENDANTS other than CITY OF WILDWOOD DIRECTLY, and CITY OF WILDWOOD AS PROXIMATE CAUSE.

86.     Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

87.     Defendant PELTON in fabricating the charges against the Plaintiff lacked probable cause, and thus the legal authority to search, arrest, and imprison Plaintiff.

88.     Defendant PELTON in fabricating the charges against the Plaintiff lacked probable cause, and thus the legal authority to search and impound Plaintiff's vehicle.

89.     Defendants REESER and VALENTINO, despite having irrefutable physical and testimonial evidence refuting Defendant PELTON's allegations, they declined to conduct themselves in a manner that would ensure the Plaintiff's constitutional rights were not infringed upon.

90.     Plaintiff's right to due process under the 4th and 14th Amendments were violated when he was arrested, his vehicle and person searched, imprisoned and criminally prosecuted based upon documented fabricated felony charges by Defendant PELTON.

91.     Actions/Inactions of Defendant CITY OF WILDWOOD therefore were a proximate cause of this false arrest, assault, extortion, malicious prosecutions and all other subsequent events and denial of other rights.

**WHEREFORE,** the Plaintiff prays for judgement against the Defendants in an amount which is reasonable, just and proper under the circumstances, together with interest, costs, attorney's fees, and for such other relief this Honorable Court deems just and proper.

### COUNT VII– BATTERY – (Intentional Tort) -DEFENDANT PELTON DIRECTLY, and ALL OTHER DEFENDANTS AS PROXIMATE CAUSE

92.     Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

93.     Defendant PELTON in fabricating the charges against the Plaintiff lacked probable cause, and thus the legal authority to search, arrest, and imprison the Plaintiff.

94.     Defendant PELTON in fabricating the charges against the Plaintiff intentionally made unwanted physical contact with the Plaintiff when he searched the Plaintiff's person, and then when he applied the handcuffs to the Plaintiff's wrists.

95.     Defendant PELTON in conducting the physical search of the Plaintiff cupped and squeezed the Plaintiff's genitals in a manner to hurt the Plaintiff, in the open and visible to the public.

96.     Defendant PELTON furthermore applied the handcuffs to the Plaintiff's wrist in a manner to hurt the Plaintiff rather than secure the Plaintiff's arms, and slammed Plaintiff's head into the police car when arresting Plaintiff.

97.     Plaintiff found Defendant PELTON'S physical contact with his genitals, hands, head and handcuffs to be harmful, offensive, and unwanted.

98.     Actions/Inactions of all other defendants were also a proximate cause for Plaintiff's unlawful arrest, assault, imprisonment, and prosecution and denial of other rights.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants in an amount which is reasonable, just and proper, together with interest, costs, attorney's fees, and for such relief this Honorable Court deems just and proper.

<u>**COUNT VIII – ASSAULT – (Intentional Tort) -DEFENDANT DOUGLAS PELTON DIRECTLY and ALL OTHER DEFENDANTS AS PROXIMATE CAUSE**</u>

99.    Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

100.   Defendant PELTON in fabricating the charges against the Plaintiff lacked probable cause, and thus the legal authority to search, arrest, and imprison the Plaintiff.

101.   Defendant PELTON'S hostile, demeaning, and excessively authoritative manner was intentional, and intended for the Plaintiff to feel fear and apprehension.

102.   Defendant PELTON'S hostile, demeaning, and excessively authoritative manner combined with the manner in which he conducted his physical search of the Plaintiff made the Plaintiff feel extremely apprehensive and fearful when he observed Defendant PELTON remove his handcuffs from his waist and overly forcefully apply them to Plaintiff's wrists.

103.   The attitude Defendant PELTON demonstrated prior to and during the application of the handcuffs to the Plaintiff's wrists was injurious, harmful and offensive.

104.   The Plaintiff believed Defendant PELTON, an armed police officer, had the present ability, means, and opportunity to immediately cause the Plaintiff physical harm.

105.   Actions/Inactions of all other defendants were also a proximate cause for Plaintiff's unlawful arrest, assault, imprisonment, extortion and malicious prosecutions and denial of other rights.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants in an amount which is reasonable, just and proper, together with interest, costs, attorney's fees, and for such relief this Honorable Court deems just and proper.

<u>**COUNT IX – DEFAMATION – DEFENDANT PELTON DIRECTLY AND ALL OTHERS AS PROXIMATE CAUSE.**</u>

106.    Plaintiff re-alleges the allegations set forth above in paragraphs one (1) through forty-one (41) as if set forth herein in full.

107.    Defendant Pelton fabricated a felony eluding charge against Plaintiff and the same is public record for all to see.

108.    Plaintiff has and will suffer severe economic damages as a consequence of having his name/picture posted online associated with a felony charge record that was fabricated.

109.    Multiple patients have mentioned Dr. Cottam's arrest record to the doctor's staff.  Many have not returned, even when having an explanation of why.

**WHEREFORE,** the Plaintiff prays for judgment against the Defendants in an amount which is reasonable, just and proper under the circumstances, together with interest, costs, attorney's fees, and for such other relief this Honorable Court deems just and proper.

### PLAINTIFF'S  INTENT TO MOVE FOR PUNITIVE DAMAGES AND INJUNCTIVE RELIEF

110.    The Plaintiff intends to move for punitive damages and injunctive relief against the Defendants when appropriate and approved by this honorable Court.

### DEMAND FOR JURY TRIAL

111.    The Plaintiff demands a jury trial on all issues so triable.

_____

John Cottam, *pro se*
802 Centerbrook Drive
Brandon, Florida 33511
813-318-2539