## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**Case No.:**  5:16- CV-413-Oc-30PRL

JOHN COTTAM,

      Plaintiff,

vs.

CITY OF WILDWOOD, and CITY OF WILDWOOD
POILCE CHIEF EDDIE REESER, CITY OF
WILDWOOD POLICE CAPTAIN PAUL VALENTINO
and CITY OF WILDWOOD POLICE OFFICER
DOUGLAS PELTON, in their individual capacity,

      Defendants.

_____/

## PLAINTIF'S RESPONSE TO DEFENDANTS CITY OF WILDWOOD, CHIEF E.W. REESER, OFFICER VALENTINO, and OFFICER PELTON'S MOTION TO DISSMISS PLAINTIFF'S SECOND AMMENDED COMPLAINT

### and

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT CITY OF WILDWOOD FROM COUNTS II and IV

Plaintiff John Cottam, *pro se,* hereby responds to the Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and states:

1.      In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to Plaintiff, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

2.      To survive dismissal, the complaint's allegations must plausibly suggest that the [Plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the Plaintiff's complaint should be dismissed, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

3.     The violations of federal and state law alleged in the Plaintiff's Second Amended Complaint are well-plead, in that, they contain all the required elements to sustain the legal requirement necessary to defeat a motion to dismiss.

4.     The Plaintiff's Second Amended Complaint states that he, the Plaintiff, was damaged [emphasis added] by both the federal violation of his civil rights and the state tortious acts, thus he is entitled to seek relief as a matter of law.

5.     There are no dispositive issues that preclude the Plaintiff from seeking the relief sought.

6.     All allegations and counts within the Plaintiff's Second Amended Complaint are plausible, the reasoning for same well delineated.  Furthermore, each count distinguishes a violation of federal law or a state tortious acts.

7.     It is well established that Florida Statute §768.28 is not applicable to tortious acts committed in conjunction with a violation of 42 U.S.C. 1983.  *See DeBose v. University of South Florida,* District Court, Middle District of Florida, Case No.: 8-15-CV-2787-T-17AEP who cited *Gamble v. Florida Department of Health and Rehabilitation Services,* 779 F.2d 1509 (11th Circuit 1986).

8.     The City of Wildwood is liable under 42 U.S.C. 1983 if the Plaintiff can prove at trial that there was an (1) existence of a custom or policy; (2) the official custom or policy was so permanent and well settled so as to have the force of law; and (3) the custom or policy must have been the moving force behind the alleged constitutional violation at issue, s*ee Monell v. New York City Department of Social Services*, 436 U.S. 658, 691 (1978).

9.     The Defendants' assertion of qualified immunity fails at this level.  If it is proven at trial that the Defendants' conduct violates clearly established statutory or constitutional rights

of which a reasonable person would have known then immunity does not apply, *Dalrymple v. Reno*, 334 F.3d 991, 994 (11th   Cir.  2003).  Immunity does not protect those who knowingly violate the law, *Purcell ex rel. Estate of Morgan v. Toombs Cnty.*, 400 F.3d 1313, 1319 (11th Cir. 2005).

10.     Plaintiff has clearly alleged violations of the law on the part of Defendant Pelton, violations that were condoned by the other listed Defendants despite evidence to the contrary.

11.     The allegation of "conspiracy" in the Plaintiff's Second Amended Complaint refers to state civil conspiracy and not 42 U.S.C. 1985.

12.     Defendants are seeking a dismissal based on "verbiage," the legal words the Plaintiff used or failed to use in his allegations and the counts within the Plaintiff's Second Amended Complaint.

13.     The Plaintiff is using the legal term of "proximate cause" to mean assisting to facilitate the act.  Example:  Three individuals physically restrain a relatively large and strong person while another relatively small and weak individual beats that person being restrained. Granted only one individual "beat" that restrained person; however, but not for the assistance of the other three individuals, that beating would not have occurred.  In the Plaintiff's complaint the term "proximate cause" is referring to the assistance necessary to facilitate the act.

14.     A civil conspiracy may be inferred by the totality of the circumstances and the inferences implied therefrom.  Whether a conspiracy existed, or whether Defendant Pelton fabricated the charge of eluding, and whether the other allegations contained in the Plaintiff's

Second Amended Complaint occurred are facts for the jury to determine, and respectfully not this Court at this time.

15.    The Plaintiff admits to a mistake in Counts II and IV.  Accordingly, the Plaintiff moves that the Defendant City of Wildwood be stricken from those counts.

**WHEREFORE,** the Plaintiff prays that Defendant City of Wildwood be stricken from counts II and IV in the Plaintiff's Second Amended Complaint due to an honest mistake, and in the interest of justice dismiss the Defendants' Motion to Dismiss and allow the facts of the allegations to be determined by a jury at trial.

John Cottam, pro se
802 Centerbrook Drive
Brandon, Florida 33511
813-318-2539
