## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOHN COTTAM,

     Plaintiff,

v.                                                                    Case No: 5:16-cv-413-Oc-30PRL

CITY OF WILDWOOD, EDDIE
REESER, PAUL VALENTINO and
DOUGLAS PELTON,

     Defendants.

_____

## ORDER

     Wildwood Police Department Officer Douglas Pelton arrested Dr. John Cottam for eluding a law enforcement officer—a charge Dr. Cottam says was fabricated. Ultimately, the charge against him was dismissed, and Dr. Cottam filed a *pro se* civil rights action against Pelton, Pelton's supervisor, the police chief, and the City of Wildwood (the "City"). Dr. Cottam's complaint was dismissed twice for procedural defects, and the Court is now presented with a motion to dismiss the Second Amended Complaint ("SAC"). Because the SAC fails to state a claim against Pelton's supervisor, the police chief, and the City, the SAC must be dismissed as to those Defendants. But the SAC does state claims against Pelton, so the motion will only be granted in part.

## FACTUAL BACKGROUND

     The facts of this case arise form a July 23, 2012 traffic stop of Dr. Cottam by Pelton. According to the SAC, Pelton was hostile, demeaning, and excessively authoritative when

he approached Dr. Cottam after the stop. Pelton issued a speeding citation and arrested Dr. Cottam for eluding a law enforcement officer, a third-degree felony. Dr. Cottam was searched and his vehicle was impounded.

Dr. Cottam insists that the eluding charge was fabricated because he immediately stopped at the next safe point after seeing Pelton's cruiser and overhead lights. In an attempt to defend against the criminal charges, Dr. Cottam sought evidence surrounding his arrest to show things did not happen as Pelton described. When requesting video of the stop, Dr. Cottam learned Pelton's cruiser did not have a camera. And although other cruisers that arrived did have cameras, Dr. Cottam was denied video from the other cruisers. Dr. Cottam was also denied records showing whether Pelton radioed dispatch to say he was in pursuit of an eluding vehicle, as required by Wildwood Police Department policy. Ultimately, the state criminal court dismissed the charges against Dr. Cottam.[1]

Dr. Cottam made a detailed complaint against Pelton to the Wildwood Police Department, including allegations that Pelton committed perjury during a deposition in Dr. Cottam's criminal case. Pelton's supervisor, Officer Paul Valentino, and Police Chief Eddie Reeser responded to Dr. Cottam's complaint, but failed to show they had conducted any reasonable investigation into Pelton's conduct. Dr. Cottam then sought review from the Florida Department of Law Enforcement ("FDLE") and asked the State Attorney's Office ("SAO") to bring criminal charges against Pelton. Again, neither FDLE nor the

---

[1] This Court does not have any documents or transcripts from the dismissed criminal case, so the reason the case was dismissed is unknown.

SAO conducted an adequate investigation before declining to charge Pelton. Dr. Cottam then filed this lawsuit.

## PROCEDURAL HISTORY

Dr. Cottam originally filed a 7-count Complaint (Doc. 1) against 12 defendants. The Court dismissed the Complaint with prejudice against eight Defendants, and dismissed it without prejudice as a shotgun pleading against the other four Defendants. (Doc. 56). The Court also dismissed with prejudice claims against the City for malicious prosecution and intentional infliction of emotion distress. (Doc. 56).

In the First Amended Complaint ("FAC") (Doc. 59), Dr. Cottam brought 15 counts against the four remaining Defendants. The Court dismissed the FAC without prejudice because it was also a shotgun pleading. (Doc. 69). Additionally, the Court explained the FAC had the following defects that needed to be cured:

> [T]he Court would be remiss not to address five other defects that Plaintiff must correct in a subsequent pleading. First, Plaintiff has two "Count X"s (fraud and racketeering). Second, there is no such thing as holding some defendants liable directly and others as proximate cause, which Plaintiff attempted to do in every count except Count XIII. Third, Plaintiff cannot reallege claims that were previously dismissed with prejudice against the same defendants, as he did with Counts II and IV against the City of Wildwood. Fourth, Plaintiff must clearly state under what law (e.g. federal or Florida, statute or common law) he is bringing claims because, from a legal standpoint, those distinctions matter. Fifth and finally, this is not a criminal prosecution of Defendants, and Plaintiff cannot bring claims based on violation of criminal statutes without some legal authority.

(Doc. 69, p. 2–3). The Court also warned Dr. Cottam that failure to correct pleading defects could result in his case being dismissed with prejudice. (Doc. 69, p. 2).

Dr. Cottam then filed the SAC (Doc. 70) on December 12, 2016, which contains the following nine counts:

- Count I — False Arrest and False Imprisonment against Pelton directly and all other Defendants as proximate cause;

- Count II — Malicious Prosecutions (2) against Pelton directly and all other Defendants as proximate cause;

- Count III — Conspiracy to Violate Dr. Cottam's Civil Rights against Pelton, Valentino, and Reeser[2] directly and against the City as proximate cause;

- Count IV — Intentional Infliction of Severe Emotional Distress against Pelton, Valentino, and Reeser directly and against the City as proximate cause;

- Count V — Negligent Infliction of Severe Emotional Distress against Pelton, Valentino, and Reeser directly and against the City as proximate cause;

- Count VI — Violation of Due Process and Equal Protection of the Laws against Pelton, Valentino, and Reeser directly and against the City as proximate cause;

- Count VII — Battery against Pelton directly and against all other Defendants as proximate cause;[3]

- Count VIII — Assault against Pelton directly and against all other Defendants as proximate cause; and

- Count IX — Defamation against Pelton directly and against all other Defendants as proximate cause.

---

[2] The SAC actually says Counts III and VI are against all Defendants except the City directly, and against the City as proximate cause. (Doc. 70, pp. 9 and 12). The Court does not know why Dr. Cottam has worded the title of these counts differently, but finds the difference irrelevant since the only Defendants remaining besides the City are Pelton, Valentino, and Reeser.

[3] It is unclear whether Dr. Cottam intended this to be an excessive force claim or a simple battery claim, given the description of how Pelton allegedly battered him.

Defendants again move to dismiss. (Doc. 71). Dr. Cottam, in response, asks the Court to strike Counts II and IV of the SAC against the City, which he pleaded by mistake. (Doc. 72). The Court will grant Dr. Cottam's request to strike Counts II and IV against the City.

## **MOTION TO DISMISS STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

In reviewing a *pro se* complaint, the court must hold the *pro se* pleading to a less stringent standard and must construe the complaint liberally. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

## DISCUSSION

Defendants argue the SAC should be dismissed for six reasons, most of which have merit. Those reasons are: (1) failure to correct pleading defects; (2) lack of municipal liability; (3) sovereign immunity; (4) qualified immunity; (5) failure to state a claim for conspiracy; and (6) no cause of action for normal incidents of arrest. Based on these arguments, and the Court's independent review, the SAC will be dismissed against the City, Valentino, and Reeser with prejudice, and Counts I (partially), III, VI, VII, VIII, and IX will be dismissed against Pelton with prejudice.

### A.  Failure to Correct Pleading Defects

The Court previously dismissed Dr. Cottam's complaint and FAC because they were shotgun pleadings. While Dr. Cottam corrected some issues, the SAC still suffers from some of the same defects as the Complaint and FAC. Chief among them is Dr. Cottam's continued pleading of claims against some of the Defendants "as proximate

cause" without specifically alleging what they did or did not do. These claims should be dismissed with prejudice.[4]

As the Court told Dr. Cottam several times in several ways, one of the purposes of the pleading rules is to provide fair notice to defendants about what claims are being made against them. (Doc. 56, pp. 6–7; and Doc. 69, pp. 2–3). Lumping all Defendants into every count without alleging for which acts or omissions each Defendant is liable fails to provide fair notice to Defendants (and is a category of shotgun pleading). *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Because Dr. Cottam has already had two chances to correct this issue and has failed to heed this Court's directions, these counts are due to be dismissed with prejudice.[5] *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

Before moving on, the Court notes Dr. Cottam's reason for continuing to allege counts against Defendants "as proximate cause" is essentially that he is misusing the term "proximate cause," and that what he means by "proximate cause" is that the Defendants were "assisting to facilitate the act." (Doc. 72, ¶ 13). This explanation is no excuse for disobeying this Court's order. And the SAC would not pass muster even if the Court were to construe it in such a way because the allegations would still lack enough specificity to explain for what acts Dr. Cottam believes the "proximate cause" Defendants are liable.

---

[4] To be clear, all counts against the City are being dismissed and counts I, II, VII, VIII, and IX are being dismissed against Valentino and Reeser for this reason.

[5] Regardless, these counts would have been dismissed with prejudice against these Defendants for the other reasons discussed below.

## B. Municipal Liability

Even if the SAC was not being dismissed with prejudice against the City for the reason above, the claims would still have to be dismissed because Dr. Cottam failed to plead a plausible basis for municipal liability. As the Court previously explained:

> A municipality can be held liable under § 1983 if it has "a policy, custom, or practice" that causes a constitutional deprivation. *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016). A plaintiff's conclusory or "naked allegations" are insufficient; instead a plaintiff must allege facts supporting a liability theory "that is plausible on its face." *Id*. at 1280. Municipal liability cannot be based on vicarious liability or *respondeat superior* in § 1983 or §1985 claims. *Id*. at 1279; *see also Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir. 2007) (citing [*Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694–95 (1978)]); *Zherka v. City of New York*, 459 F. App'x 10, 12 (2d Cir. 2012).

(Doc. 56, p. 12).

Dr. Cottam again failed to allege any policy, custom, or practice of the City (or Wildwood Police Department); instead he relies on the naked allegations proscribed in *Hoefling* by merely referring to the City's actions or inactions. That is not enough. Dr. Cottam is required to *plead* a basis of municipal liability—and cannot wait until trial to present evidence of a policy, custom, or practice, as he argues in his response. (Doc. 72, ¶ 8). Because Dr. Cottam has not pled a basis of municipal liability, the City is due to be dismissed from this action.

## C. Sovereign Immunity

As its final basis, the City argues it has sovereign immunity that prevents Dr. Cottam from bringing the following Florida intentional tort claims: malicious prosecution (Count II), intentional infliction of emotional distress (Count IV), battery (Count VII), assault

(Count VIII), and defamation (Count IX). The Court previously ruled that the City had sovereign immunity from the malicious prosecution and intentional infliction of emotional distress counts (Doc. 56, pp.11–12), which Dr. Cottam moved to strike from the SAC. That leaves the battery, assault, and defamation claims. Because it is unnecessary, the Court declines to address the City's sovereign immunity argument.[6]

### D. Qualified Immunity

Valentino, Reeser, and Pelton all claim they are entitled to qualified immunity from prosecution. "To receive qualified immunity, 'the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.' " *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). Once a defendant demonstrates he was acting within the scope of his discretionary authority, "the burden then shift[s] to the [plaintiff] to show that qualified immunity should not apply because: (1) the [official] violated a constitutional right, and (2) that right was clearly established at the time of the incident." *Garczynski v. Bradshaw*, 573 F.3d 1158, 1166 (11th Cir. 2009). A plaintiff withstands a motion to dismiss predicated on qualified immunity by alleging "sufficient facts to support a finding of a constitutional violation of a clearly established law." *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198 (11th Cir.2012) (citing *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009)); *see also Andreu*

---

[6] The Court notes that had Dr. Cottam properly pled these claims, there likely would have been a jury question as to whether Pelton or the City was entitled to sovereign immunity since the SAC does not specifically allege Pelton acted outside the scope of his employment, in bad faith, with malicious purpose, or in wanton and willful disregard of human rights, safety, or property. *McGhee v. Volusia Cty.*, 679 So. 2d 729, 732–33 (Fla. 1996); *Anderson v. City of Groveland*, No. 5:15-CV-26-OC-30PRL, 2016 WL 881148, at *8–9 (M.D. Fla. Mar. 8, 2016).

*v. Sapp*, 919 F.2d 637, 639 (11th Cir. 1990) ("[T]he defendant is entitled to dismissal when the plaintiff has failed to allege a violation of a clearly established right."). As explained below, Valentino and Reeser are entitled to qualified immunity.

### a. Valentino and Reeser have qualified immunity

A plaintiff seeking to hold a supervisor liable for the actions of an employee must also plead a causal connection between the constitutional deprivation and actions of the supervisors. *Battiste v. Sheriff of Broward Cty.*, 261 Fed. App'x 199, 201 (11th Cir. 2008) (citing *Brown v. Crawford,* 906 F.2d 667, 671 (11th Cir. 1990)). Because a causal connection between the supervisor's action and the constitutional deprivation must be pleaded, a plaintiff cannot rely on *respondeat superior* or vicarious liability. *Id.* Instead, "A causal connection can be established 'when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,' or when the supervisor's improper 'custom or policy ... resulted in deliberate indifference to constitutional rights.' " *Id.* (quoting *Gonzalez v. Reno,* 325 F.3d 1228, 1234 (11th Cir.2003), and *Rivas v. Freeman,* 940 F.2d 1491, 1495 (11th Cir.1991)). Thus, "[t]he standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Braddy v. Fla. Dep't of Labor & Employment Sec.,* 133 F.3d 797, 802 (11th Cir. 1998).

The SAC does not meet this exacting standard. Dr. Cottam only alleges that Valentino and Reeser failed to conduct an investigation into Pelton *after* the cases against Dr. Cottam were dismissed. There is no mention of widespread abuse that would have put them on notice of Pelton's actions *before* they occurred. Nor is there mention of a policy

or custom Valentino and Reeser implemented *before* Pelton arrested Dr. Cottam. Thus, there is no causal connection between their actions (*i.e.*, not investigating Pelton) and the constitutional deprivations (*i.e.*, false arrest, malicious prosecution, conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, due process and equal protection violations, battery, assault, and defamation). Absent these allegations, Valentino and Reeser are entitled to immunity from prosecution, and the claims against them must be dismissed with prejudice.

Again, the Court notes that Dr. Cottam is apparently under the misimpression that he did not have to plead a sufficient basis by which Valentino and Reeser could be held liable. Instead, Dr. Cottam argued that he could prove at trial that their conduct violated a clearly established constitutional right, which would mean immunity did not exist. (Doc. 72, ¶ 9). That is not the case: defendants can successfully argue qualified immunity at this stage since the immunity is intended to protect them from suit, not just liabilty. *Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) (affirming district court's granting of motion to dismiss based on qualified immunity and citing *Lee v. Ferraro,* 284 F.3d 1188, 1193–94 (11th Cir.2002)).

### b.  Pelton has not shown entitlement to qualified immunity at this time

While Valentino and Reeser are entitled to immunity, the Court cannot reach the same conclusion as to Pelton—at least not at this time. An arrest without probable cause violates the Constitution and provides a basis for a section 1983 claim, but the existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest. *See Brown v. City of Huntsville, Ala.,* 608 F.3d 724, 734 (11th Cir.

2010). With regard to a qualified immunity analysis, however, the issue is not whether there was probable cause, but whether there was "arguable probable cause." *See Crosby v. Monroe Cnty.,* 394 F.3d 1328, 1332 (11th Cir. 2004). "Arguable probable cause exists if, under all of the facts and circumstances, an officer reasonably could—not necessarily would—have believed that probable cause was present." *Id.*

And "the Fourth Amendment's freedom from unreasonable searches and seizures encompasses the plain right to be free from the use of excessive force in the course of an arrest." *Ferraro,* 284 F.3d at 1197 (citing *Graham v. Connor,* 490 U.S. 386, 394–95, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)). The Eleventh Circuit has "repeatedly ruled that a police officer violates the Fourth Amendment, and is denied qualified immunity, if he or she uses gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commands." *Saunders v. Duke,* 766 F.3d 1262, 1265 (11th Cir. 2014) (citing *Priester v. City of Riviera Beach, Fla.,* 208 F.3d 919, 927 (11th Cir. 2000)).

Viewing the SAC in the light most favorable to Dr. Cottam, and granting it a liberal construction, the Court cannot say that Pelton is entitled to qualified immunity at this time. But the Court is willing to reconsider this issue at the summary judgment phase.

### E.  Failure to State Cause of Action for Conspiracy

Defendants argue Pelton failed to state a 42 U.S.C. section 1985 claim for conspiracy. Dr. Cottam argues he did not try to; instead, he was pleading a claim for civil conspiracy under Florida law.[7] (Doc. 72, ¶ 11). A Florida civil conspiracy claim requires:

---

[7] The Court warned Dr. Cottam that his failure to specify under what law he was pleading could result in a claim's dismissal. (Doc. 69, p. 3). The purpose of the admonishment was to prevent this scenario:

> "(a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy."

*Fuller v. Mortg. Elec. Registration Sys., Inc.*, 888 F. Supp. 2d 1257, 1273 (M.D. Fla. 2012) (citing *Eagletech Comm., Inc. v. Bryn Mawr Inv. Grp., Inc.,* 79 So.3d 855, 863 (Fla. Dist. Ct. App. 2012)). "General allegations of conspiracy are inadequate. A complaint must set forth clear, positive, and specific allegations of civil conspiracy." *Id.*

Dr. Cottam's claim fails because of the intracorporate conspiracy doctrine.

> "[T]he intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy." "[U]nder the doctrine, a corporation cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves." "The doctrine applies to public entities such as the City and its personnel."

*Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1261 (11th Cir. 2010) (citations omitted).

The SAC only vaguely alleges that "All *Defendant's* [sic] agreed to support Defendant PELTON's position…." (Doc. 70, ¶ 70) (italics added for emphasis). Dr. Cottam did not plead, nor argue, that Defendants operating outside the scope of their employment. Because Defendants Pelton, Valentino, and Reeser are all employees of the City, the intracorporate conspiracy doctrine bars a civil conspiracy claim against them because the first element—an agreement between two or more parties—is not met.

This claim also fails because it does not allege an unlawful act or lawful act by unlawful means to which Defendants agreed. The only allegations against Valentino and

---

Dr. Cottam making a Florida law claim and Defendants reasonably believing it to be a federal claim. Because Dr. Cottam failed to heed this Court's warning, this count is also due to be dismissed on this basis.

Reeser are that they did not undertake what Dr. Cottam considered to be an adequate investigation of Pelton after Dr. Cottam's criminal charges were dismissed. Failing to conduct an adequate investigation is not unlawful. And there is no allegation that Valentino and Reeser conspired to falsely arrest Dr. Cottam or prosecute him. This means the SAC fails to plead the second element for civil conspiracy, and the claim should be dismissed.

### F. Failure to State Cause of Action for Battery, Assault, and Defamation

Finally, Pelton argues that the battery, assault, and defamation counts should be dismissed because the allegations in those counts only reference normal incidents of arrest, which would not give rise to torts separate from false arrest. The Court agrees. Regardless of whether Dr. Cottam is alleging simple battery or excessive force, he cannot state a distinct claim for either because he has also alleged that his arrest was illegal. When an arrest is illegal, any claim for damages based on use of force is subsumed into the false arrest claim. *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000) ("Under this Circuit's law, however, a claim that any force in an illegal stop or arrest is excessive is subsumed in the illegal stop or arrest claim and is not a discrete excessive force claim."); *Williams v. Deal*, No. 14-14183, 2016 WL 6247614, at \*6 (11th Cir. Oct. 26, 2016) (same); *Amato v. Cardelle*, 56 F. Supp. 3d 1332, 1334 (S.D. Fla. 2014). The same logic should also be applied to Dr. Cottam's assault and defamation[8] claims, which similarly arise out of the allegedly illegal arrest.

---

[8] In any event, it appears that the defamation count is barred by the statute of limitations. § 95.11(4)(g), Fla. Stat. Dr. Cottam alleges the public records related to his arrest are the defamatory statements. (Doc. 70, ¶ 107). Since his court case (in which the public records would have last been published) was dismissed in February 2013, and the statute of limitations begins to run on the date of publication, *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d

**G.** *Sua Sponte* **Dismissal of Claims**

In addition to those arguments raised by Defendants, the Court's review of the SAC revealed that two of the remaining claims should also be dismissed. First, Dr. Cottam labeled Count I as "False Arrest and False Imprisonment," two separate claims. Yet he provides no facts regarding false imprisonment, such as the length of his detention or Defendants' knowledge during his detention that informed them he was entitled to release. *See Galloway v. City of Abbeville, Ala.,* 871 F. Supp. 2d 1298, 1309 (M.D. Ala. 2012). The SAC, therefore, fails to state a claim for false imprisonment.

And Dr. Cottam's claims for violation of due process and equal protection in Count VI are duplicative of other counts. The only allegations Dr. Cottam makes are that his "right to due process under the 4th and 14th Amendments were violated when he was arrested, his vehicle and person searched, imprisoned and criminally prosecuted based upon documented fabricated felony charges." (Doc. 70, ¶ 90). All of these allegations are subsumed by the false arrest and malicious prosecution counts, and do not state additional claims. Thus these claims are also due to be dismissed.

## <u>CONCLUSION</u>

Defendants Valentino, Reeser, and the City are dismissed with prejudice from this action. Additionally, the false imprisonment, conspiracy, due process/equal protection, battery, assault, and defamation counts are dismissed with prejudice against Defendant Pelton. The case will proceed on the remaining counts solely against Defendant Pelton.

---

113, 115 (Fla. 1993); his defamation claim that was first raised in October 2016 would likely be untimely.

Accordingly it is ORDERED AND ADJUDGED that:

1.   Plaintiff's Motion to Strike (Doc. 72) is GRANTED.

    a.   The claims against the City in Counts II and IV are stricken from the Second Amended Complaint (Doc. 70).

2.   Defendants Motion to Dismiss (Doc. 71) is GRANTED in part as follows:

    a.   The Second Amended Complaint (Doc. 70) is DISMISSED with prejudice against Defendants Paul Valentino, Eddie Reeser, and City of Wildwood.

    b.   The following claims in the Second Amended Complaint (Doc. 70) are dismissed with prejudice against Defendant Douglas Pelton: (1) The false imprisonment claim in Count I, (2) Count III, (3) Count VI, (4) Count VII, (5) Count VIII, and (6) Count IX.

3.   Defendant Douglas Pelton has fourteen (14) days from the date of this Order to answer the remainder of the Second Amended Complaint.

4.   The Clerk is directed to terminate all Defendants in this action EXCEPT for Defendant Douglas Pelton.

    **DONE** and **ORDERED** in Tampa, Florida, this 12th day of January, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record