UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN COTTAM,   Case No. 5:16-CV-413-OC-10PRL

     Plaintiff,

v.

CITY OF WILDWOOD, CITY OF
WILDWOOD POLICE DEPARTMENT,
FLORIDA DEPARTMENT OF LAW
ENFORCEMENT (FDLE), AND CITY OF
WILDWOOD POLICE CHIEF EDDIE
REESER, CITY OF WILDWOOD POLICE
OFFICER PAUL VALENTINO, CITY OF
WILDWOOD POLICE OFFICER
DOUGLAS PELTON, FLORIDA STATE
ATTORNEYS BRAD KING, MARK
SIMPSON, CONRAD JUERGENSMEYER,
MICHELLE SUESS, AND ED
MCDONOUGH, FDLE AGENT THOMAS
STEFFAN, IN THEIR OFFICIAL AND
INDIVIDUAL CAPACITY,

     Defendants.
_____/

## DEFENDANT OFFICER DOUGLAS PELTON'S
## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Officer Douglas Pelton, pursuant to the Court's January 12, 2017 Order, answers Plaintiff's Second Amended Complaint as follows:

## ANSWER

    1.    Denied.

    2.    Denied.

    3.    Denied.

    4.    Denied.

5. Admitted for venue purposes only; otherwise denied.

6. Without knowledge, therefore denied.

7. Admitted.

8. Pursuant to the Court's January 12, 2017 Order, Chief Reeser is no longer a party to this action.

9. Pursuant to the Court's January 12, 2017 Order, Captain Paul Valentino is no longer a party to this action.

10. Admitted.

11. Admitted Officer Pelton initiated a traffic stop after observing plaintiff's vehicle speeding and confirming the same through his radar unit; prior to the actual stop, Plaintiff had also fled in an attempt to elude Officer Pelton; otherwise denied.

12. Without knowledge, therefore denied.

13. Admitted the Wildwood Police Department has patrol vehicles equipped with dashboard cameras. Admitted Office Pelton's patrol vehicle was not equipped with a dashboard camera. Otherwise, denied.

14. Denied as phrased.

15. Denied.

16. Denied.

17. Denied as phrased.

18. Denied as phrased.

19. Without knowledge, therefore denied.

20. Denied.

21. Without knowledge, therefore denied.

22. Without knowledge, therefore denied.

23. Admitted the depositions of Office Pelton, Officer Smalt, and Officer Tanner were taken in plaintiff's criminal case; otherwise denied.

24. Without knowledge, therefore denied.

25. Without knowledge, therefore denied.

26. Denied.

27. Without knowledge, therefore denied.

28. Without knowledge, therefore denied.

29. Denied.

30. Without knowledge, therefore denied.

31. Denied Officer Pelton committed perjury; otherwise without knowledge, therefore denied.

32. Without knowledge, therefore denied.

33. Without knowledge, therefore denied.

34. Denied Officer Pelton committed any crimes; otherwise without knowledge, therefore denied.

35. Without knowledge, therefore denied.

36. Denied Officer Pelton committed any crimes; otherwise without knowledge, therefore denied.

37. Denied Officer Pelton committed any crimes; otherwise without knowledge, therefore denied.

38. Without knowledge, therefore denied.

39. Pursuant to the Court's January 12, 2017 Order, the City of Wildwood is no longer a party to this action.

40. Admitted plaintiff's arrest is public record; otherwise denied.

41. Denied.

## **COUNT I – FALSE ARREST**[1]

42. Officer Pelton realleges his responses to paragraphs 1-41, as if fully set forth herein.

43. Denied.

44. Denied.

45. Admitted Officer Pelton handcuffed plaintiff, and prevented him from leaving the scene, as part of his arrest; otherwise denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Pursuant to the Court's January 12, 2017 Order, all defendants except Officer Pelton have been dismissed with prejudice.  Notwithstanding, denied.

---

[1] In its October 12, 2017 Order, the Court dismissed plaintiff's false imprisonment claim with prejudice.

56. Pursuant to the Court's January 12, 2017 Order, all defendants except Officer Pelton have been dismissed with prejudice. Notwithstanding, denied.

## COUNT II – MALICIOUS PROSECUTION

57. Officer Pelton realleges his responses to paragraphs 1-41, as if fully set forth herein.

58. Denied.

59. Denied.

60. Denied.

61. Without knowledge, therefore denied.

62. Without knowledge, therefore denied.

63. Denied.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Pursuant to the Court's January 12, 2017 Order, all defendants except Officer Pelton have been dismissed with prejudice. Notwithstanding, denied.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

75. Officer Pelton realleges his responses to paragraphs 1-41, as if fully set forth herein.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

## COUNT V – NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS

80. Officer Pelton realleges his responses to paragraphs 1-41, as if fully set forth herein.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

## GENERAL DENIAL

Officer Douglas Pelton denies each and every allegation not explicitly admitted herein, and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

1. Defendant, Officer Douglas Pelton, affirmatively alleges that he is entitled to qualified immunity with respect to the claims asserted against him in Plaintiff's Second Amended Complaint, since his actions were taken within his discretionary authority and functions as a law enforcement officer and did not violate any clearly-established law or constitutional rights of which a reasonable person would have known.

2. Defendant, Officer Douglas Pelton, affirmatively alleges that his actions and conduct described in Plaintiff's Second Amended Complaint were lawful, conducted pursuant to legal authority, and were reasonable and warranted under the circumstances.

3. Defendant, Officer Douglas Pelton, affirmatively alleges he had probable cause, arguable probable cause, reasonable suspicion, arguable reasonable suspicion, or some other lawful basis to seize, arrest, and use force upon the Plaintiff.

4. Defendant, Officer Douglas Pelton, affirmatively alleges that no federally-protected right guaranteed to Plaintiff was violated during the events and circumstances described in Plaintiff's Second Amended Complaint.

5. Defendant, Officer Douglas Pelton, affirmatively alleges that his conduct did not constitute a violation of any federally-protected right of Plaintiff.

6. Defendant, Officer Douglas Pelton, affirmatively alleges that Plaintiff has no viable cause of action under the Fourth Amendment to the United States Constitution.

7. Defendant, Officer Douglas Pelton, affirmatively alleges that there is no legal basis for an award of exemplary or punitive damages in this case, and that his conduct was not sufficiently egregious to warrant an award of punitive or exemplary damages under federal law or Florida law.

8. Defendant, Officer Douglas Pelton, affirmatively alleges that the Excessive Fines Clause of the Eighth Amendment to the United States Constitution prohibits an award of punitive or exemplary damages.  The laws of the State of Florida require that a portion of such damages be directed to State funds.

9. Defendant, Officer Douglas Pelton, affirmatively alleges that the law in the State of Florida regarding punitive or exemplary damages fails to comport with due process as required by the Fourteenth Amendment to the United States Constitution.

10. Defendant, Officer Douglas Pelton, affirmatively alleges Plaintiff has failed to mitigate his damages, if any, as required by law and should therefore be barred from recovering those damages which he could have and should have mitigated.

11. Defendant, Officer Douglas Pelton, affirmatively alleges that there is no causal connection between the actions of Officer Douglas Pelton and any injury or damage allegedly suffered by Plaintiff.

12. Defendant, Officer Douglas Pelton, affirmatively alleges that the arrest of Plaintiff was lawful, conducted pursuant to legal authority, and was reasonable and warranted under the circumstances.

13. Defendant, Officer Douglas Pelton, affirmatively alleges that he bore no malice, actual or legal, toward Plaintiff and therefore, the claims asserted against him by Plaintiff in Count II and IV of the Second Amended Complaint must fail as a matter of law.

14. Defendant, Officer Douglas Pelton, affirmatively alleges that probable cause or arguable probable caused existed with respect to the criminal charges made against Plaintiff.

15. Defendant, Officer Douglas Pelton, affirmatively alleges he cannot be held liable under Count V of Plaintiff's Second Amended Complaint, pursuant to *Fla. Stat.* § 768.28(9)(a).

16. Defendant, Officer Douglas Pelton, affirmatively alleges that Plaintiff's tort claims for damages under Florida law are subject to and governed by the provisions of *Fla. Stat.* §768.28, including but not limited, to the notice of claim provisions and monetary limitations contained therein.  To the extent Plaintiff has failed to file a notice of claim pursuant to *Fla. Stat.* §768.28, his Florida law tort claims must be dismissed as a matter of law.

17. Defendant, Officer Douglas Pelton, affirmatively alleges Plaintiff's damages or injuries, if any, were proximately caused or contributed to by Plaintiff's own negligence and,

therefore the claims of Plaintiff should be either barred completely, or diminished in accordance with the degree of Plaintiff's own negligence.

18. Defendant, Officer Douglas Pelton, hereby gives notice that he intends to rely upon such other defenses as may become available during the discovery proceedings in this case and hereby reserves the right to amend his Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint in order to assert any such defenses.

Respectfully submitted this 26th day of January, 2017.

BELL & ROPER, P.A.

By: /s/ *Anna E. Engelman*
Michael J. Roper, Esq.
Fla. Bar No.: 0473227
mroper@bellroperlaw.com
Anna E. Engelman, Esq.
Fla. Bar No.: 016517
aengelman@bellroperlaw.com
2707 E. Jefferson St.
Orlando, FL 32803
Telephone: (407) 897-5150
Facsimile: (407) 897-3332
*Counsel for City Defendant,*
*Officer Douglas Pelton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system on this 26th day of January, 2017.

/s/ *Anna E. Engelman*
Anna E. Engelman, Esquire
Fla. Bar. No.: 016517
aengelman@bellroperlaw.com