UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOHN COTTAM,

    Plaintiff,

v.                                                     Case No: 5:16-cv-413-Oc-30PRL

DOUGLAS PELTON

    Defendant.

## ORDER

This matter is before the Court on Defendant's motion to compel Plaintiff's response to his second request to produce. (Doc. 89). Plaintiff has responded. (Doc. 90). This matter is ripe for review.[1]

### I. Background

This lawsuit arises out of Plaintiff's traffic stop and arrest by Defendant Sgt. Douglas Pelton in July 2012. Plaintiff, who is a dermatologist, alleges that he suffered damages as a result of the arrest, including loss of business and consequently business and personal income. Accordingly, Defendant has sought discovery regarding this claim of damages.

Specifically, in his first set of interrogatories, Defendant requested:

**Interrogatory No. 12**: Do you contend that you have lost any income, benefits, or earning capacity in the past or future as a result of the incident(s) described in the Complaint? If so, state the nature of the income, benefits, or earning capacity, and the amount and method that you used in computing the amount.

(Doc. 89-1 at 3). In response dated March 15, 2017, Plaintiff stated:

Yes. Posting of arrest record publicly resulted in Defamation which resulted in loss of

---

[1] Defendant's motion for leave to file a reply (Doc. 95) is **DENIED** as **moot**.

> patients. Estimated loss as a result of estimation of patients who did not return after telling me they saw my picture on the internet is anywhere from $500,000 to $2,500,000 over 10 years.
> Shortened career due to health issues, memory loss due to lack of sleep/anxiety/depression. Possible Board of Medicine infractions/involvement – Approx $800K/yr for over 5 years. = $4,000,000 min.
> Time off work at $7500 gross income per day for depositions, court, required meetings etc. gross income 10 days = $75,000.
> Court recorder fees approx. $3000
> Legal costs for expunging arrest records/internet clearance - $15,000

(*Id*.). Plaintiff did not provide any computations for these estimated losses.

One month later at his deposition, Plaintiff confirmed that he was seeking damages for loss of income, and that his records of income include his tax returns, his income and expense reports, and his volume log. (Doc. 89-2 at pp.212-214).

Following Plaintiff's deposition, Defendant served Plaintiff with his second request to produce. In Number 9 he requested: "Any and all documents which plaintiff has relied upon to calculate his alleged damages reflected in No. 12 of plaintiff's responses to Sergeant Pelton's first set of interrogatories dated March 15, 2017, including but not limited to his tax returns and income expense reports (As he testified to during his deposition on April 18, 2017)." (Doc. 89-3). In response, Plaintiff produced a spreadsheet listing his income by year from 2012 through 2016 without any supporting documents. (Doc. 89-3 at 5). Plaintiff then filed the instant motion seeking to compel the production of all documents upon which Plaintiff relied to support his income figures.

**II.     Discussion**

"Courts maintain great discretion to regulate discovery," and thus have broad discretion to compel or deny it. *CV Restoration, LLC v. Diversified Shafts Solutions, LLC*, No. 8:17-mc-20-EAK, JSS, 2017 WL 2123562, at *3 (M.D. Fla. May 16, 2017) (citations omitted). Relevancy and proportionality are the guiding principles: "Parties may obtain discovery regarding any

nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b).

A party's private, financial records are "relevant" if a party places his financial condition at issue in the lawsuit. *See, e.g., Rail Trusts Locomotive Leasing, LLC v. SunCoke Energy*, Inc., No. 3:15-cv-1112-J-39MCR, 2016 WL 8929072, at *4 (M.D. Fla. Oct. 25, 2016) (granting motion to compel financial records because Plaintiffs placed financial condition at issue by seeking to recover lost profits). Here, there is no dispute that Plaintiff has placed his financial condition at issue. As such, financial documents purportedly supporting Plaintiff's alleged loss in income due to the arrest are relevant and proportional to the needs of this case. Indeed, the failure to produce these financial documents prevents Defendant from being able to independently analyze Plaintiff's claims of lost income.

### III. Conclusion

Accordingly, Defendant's motion to compel is **GRANTED**. On or before **September 28, 2017**, Plaintiff shall produce any and all documents responsive to Number 9 of Defendant's Second Request to Produce. At a minimum this should include the financial documents identified by Plaintiff at his deposition—i.e., tax returns, income and expense reports, and volume logs.

The Court will defer ruling on Defendant's request for attorney's fees at this time. Plaintiff is cautioned that the Court will entertain future requests for attorney's fees if his conduct necessitates the filing of any further motions to compel. The Court expects all parties—even those proceeding *pro se*—to practice discovery with a spirit of cooperation and civility.

Plaintiff is further cautioned that despite proceeding pro se, he is required to comply with this Court's Local Rules, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. Plaintiff may obtain a copy of the Local Rules from the Court's website

(http://www.flmd.uscourts.gov) or by visiting the Office of the Clerk of Court. Also, resources and information related to proceeding in court without a lawyer, including a handbook entitled *Guide for Proceeding Without a Lawyer*, can be located on the Court's website (http://www.flmd.uscourts.gov/pro_se/default.htm). Plaintiff should also consult the Middle District of Florida's Discovery Handbook for a general discussion of this District's discovery practices (see http://www.flmd.uscourts.gov/forms/Civil/2015-Civil_Procedure_Handbook.pdf).

**DONE** and **ORDERED** in Ocala, Florida on September 19, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties