[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 18-10094
Non-Argument Calendar

D.C. Docket No. 5:16-cv-00413-JSM-PRL

JOHN COTTAM,

                                        Plaintiff-Appellant,

versus

CITY OF WILDWOOD, et al.,

                                        Defendants,

DOUGLAS PELTON,
City of Wildwood Police Officer,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Florida

(September 10, 2018)

Before JORDAN, NEWSOM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

John Cottam brought this action against Officer Douglas Pelton, asserting false arrest and malicious prosecution claims under 42 U.S.C. § 1983 and intentional and negligent infliction of emotional distress claims under Florida law after Cottam was stopped for speeding and arrested for "eluding," in violation of Fla. Stat. § 316.1935(2). The district court granted summary judgment in favor of Pelton, concluding (1) that Pelton was entitled to qualified immunity as to both of the § 1983 claims, (2) that Pelton's conduct while arresting Cottam was not sufficiently outrageous as to constitute intentional infliction of emotional distress, and (3) that Pelton was immune from liability for the negligent infliction of emotional distress claim under Fla. Stat. § 768.28(9)(a).

On appeal, Cottam argues that the district court erred in granting summary judgment because there were numerous disputed issues of material fact demonstrating that Pelton fabricated the eluding charge. After careful review, we affirm.[1]

---

[1] We review a district court's entry of summary judgment *de novo*. *Hallmark Developers, Inc. v. Fulton Cty., Ga.*, 466 F.3d 1276, 1283 (11th Cir. 2006). Summary judgment is appropriate when the evidence presents no genuine dispute as to any material fact and compels judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material if it may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact is genuinely in dispute if the record evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* Factual disputes that are unnecessary will not be counted. *Id.*

2

# I

Qualified immunity protects government officials engaged in discretionary functions unless they violate clearly established federal statutory or constitutional rights of which a reasonable person would have known. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). To receive qualified immunity, "the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004). Here, Pelton was acting within the scope of his discretionary authority when he stopped and arrested Cottam. So the burden shifts to Cottam to show that qualified immunity should not apply because Pelton (1) violated a constitutional right and (2) that right was clearly established at the time of the incident. *Garczynski v. Bradshaw*, 573 F.3d 1158, 1166 (11th Cir. 2009). We may consider these two prongs in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## A

An officer is entitled to qualified immunity against false-arrest claims if, based on the totality of the circumstances, the officer had arguable probable cause to effectuate the arrest. *Davis v. Williams*, 451 F.3d 759, 762–63 (11th Cir. 2006). Arguable probable cause exists where an objectively reasonable officer in the same circumstances and possessing the same knowledge as the arresting officer could

have believed that probable cause existed. *Thornton v. City of Macon*, 132 F.3d 1395, 1399 (11th Cir. 1998). Arguable probable cause is a lower standard than actual probable cause, and only requires that under all of the facts and circumstances, an officer reasonably could—but not necessarily would—have believed that probable cause was present. *Crosby v. Monroe Cty.*, 394 F.3d 1328, 1332 (11th Cir. 2004). Importantly, an arrest is lawful so long as there is probable cause to support an arrest for *any* offense, even if probable cause does not exist for the offense announced at the time of the arrest. *Lee v. Ferraro*, 284 F.3d 1188, 1196 (11th Cir. 2002).

Here, the district court properly granted summary judgment in favor of Pelton as to Cottam's false-arrest claim because Pelton had arguable probable cause to arrest Cottam for at least three offenses: (1) attempting to elude arrest, in violation of Fla. Stat. § 316.1935(1), (2) trespassing on private property, in violation of Fla. Stat. § 810.09(1)(a)(1), and (3) speeding, in violation of Fla. Stat. § 316.189(1).

1

Fla. Stat. § 316.1935(1) provides that "[i]t is unlawful for the operator of any vehicle, having knowledge that he or she has been ordered to stop such vehicle by a duly authorized law enforcement officer, willfully to refuse or fail to stop the vehicle in compliance with such order or, having stopped in knowing compliance

with such order, willfully to flee in an attempt to elude the officer." To establish probable cause for an arrest under § 316.1935(1), the arresting officer must reasonably believe that the arrestee knew that he had been ordered to stop. *See Manners v. Cannella*, 891 F.3d 959, 970 (11th Cir. 2018). Based solely on Cottam's version of events, Pelton witnessed Cottam speed down the highway while Pelton pursued him with his lights flashing, and then witnessed Cottam turn onto a side road, drive past a public parking lot, drive past "no trespassing" and "do not enter" signs, enter into a restricted railroad area, and maneuver his car around barricades and onto the train tracks, before stopping his vehicle between the tracks. On these undisputed facts alone, an objectively reasonable officer could have believed that Cottam knew that he had been ordered to stop, but was attempting to elude arrest. Accordingly, Pelton had arguable probable cause to arrest Cottam for attempting to elude arrest in violation of Fla. Stat. § 316.1935(1).

2

Fla. Stat. § 810.09(1)(a)(1) provides that it is unlawful to willfully enter onto property with a notice against trespassing. In this case, the arrest scene photos show, and Cottam admits, that he drove past a "NO TRESPASSING" sign and entered onto private property. Moreover, Cottam does not raise any issues on appeal to counter this determination. Therefore, Pelton also had arguable probable

cause to arrest Cottam for trespassing on private property, in violation of § 810.09(1)(a)(1).

**3**

Finally, Fla. Stat. § 316.189(1) provides that it is unlawful for any person to exceed a posted speed limit. *Id.* Here, Cottam did not dispute that he was traveling more than 20 miles-per-hour over the posted speed limit. Although § 316.189(1) is only a misdemeanor, under Florida law, Pelton was entitled to perform a full custodial arrest. *See Durruthy v. Pastor*, 351 F.3d 1080, 1093 (11th Cir. 2003). Accordingly, Pelton also had arguable probable cause to arrest Cottam for speeding in violation of Fla. Stat. § 316.189(1).

\* \* \*

Because even based solely on Cottam's version of events, Pelton had arguable probable cause to arrest Cottam under Fla. Stat. §§ 316.1935(1), 810.09(1)(a)(1), and 316.189(1), Cottam's assertions that Pelton fabricated other aspects of the eluding charge are immaterial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

## B

To establish a malicious-prosecution claim under § 1983, a plaintiff must prove (1) the elements of common law malicious prosecution and (2) a violation of his Fourth Amendment right to be free from unreasonable seizures. *Kingsland*, 382 F.3d at 1234. Under the second prong, a § 1983 plaintiff must prove that he "was seized in relation to the prosecution, in violation of his constitutional rights." *Id.* at 1235. In the case of a warrantless arrest, this requires that the party was arraigned or indicted, not merely arrested. *Id.*

Here, Cottam was never arraigned or indicted, but was merely arrested. Accordingly, the district court properly granted summary judgment against Cottam's malicious-prosecution claim because Cottam was never seized in violation of his constitutional rights. *See id.*

Moreover, and in any event, Cottam's malicious-prosecution claim is precluded because, as already explained, Pelton had arguable probable cause to arrest Cottam. *See Black v. Wigington*, 811 F.3d 1259, 1267 (11th Cir. 2016) ("[T]he presence of probable cause defeats a claim of malicious prosecution.").

## II

Under Florida law, no government agent shall be personally liable for acts within the scope of his employment unless the government agent acted in bad faith or with a malicious purpose or in a manner exhibiting a wanton and willful

disregard of human rights, safety, or property. Fla. Stat. § 768.28(9)(a). The existence of probable cause contradicts any suggestion of malicious intent or bad faith. *Wood v. Kesler*, 323 F.3d 872, 884 (11th Cir. 2003).

## A

To establish an intentional-infliction-of-emotional-distress claim under Florida law, the plaintiff must show that the defendant's conduct was intentional or reckless, was outrageous, and caused severe emotional distress. *Horizons Rehabilitation, Inc. v. Healthcare & Ret. Corp.*, 810 So. 2d 958, 964 (Fla. Dist. Ct. App. 2002). The standard in Florida for outrageous conduct—which is a question of law—is extremely high. *Metro. Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278 (Fla. 1985). The plaintiff must show that the defendant's actions were "so extreme in degree as to go beyond all possible bounds of decency." *Von Stein v. Brescher*, 904 F.2d 572, 584 (11th Cir. 1990). An officer is never liable where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress. *McCarson*, 467 So. 2d at 279.

The district court properly granted summary judgment against Cottam's intentional-infliction-of-emotional-distress claim because Pelton's conduct while arresting Cottam was not sufficiently outrageous. *See Von Stein*, 904 F.2d at 584; *McCarson*, 467 So. 2d at 279. Moreover, because Pelton had arguable probable

8

cause to arrest Cottam, his conduct was not malicious or in bad faith; accordingly, he is entitled to immunity under Florida law. *See* Fla. Stat. § 768.28(9)(a).

### B

To establish a negligent-infliction-of-emotional-distress claim under Florida law (1) the plaintiff must suffer a physical injury, (2) the plaintiff's physical injury must be caused by the psychological trauma, (3) the plaintiff must be involved in some way in the event causing the negligent injury to another, and (4) the plaintiff must have a close personal relationship to the directly injured person. *Zell v. Meek*, 665 So. 2d 1048, 1054 (Fla. 1995). Additionally, the plaintiff generally must demonstrate that the emotional stress suffered flowed from injuries sustained in an impact. *Fernander v. Bonis*, 947 So. 2d 584, 590 (Fla. Dist. Ct. App. 2007) (noting that there are exceptions to Florida's impact rule, but applying the rule to dismiss a negligent-infliction-of-emotional-distress claim alleging a false arrest).

Here, the district court's grant of summary judgment against Cottam's negligent-infliction-of-emotional-distress claim was proper. As an initial matter, Cottam has failed to show that his emotional stress was caused by injuries he sustained in an impact, or that he should otherwise be granted an exception from Florida's impact rule. *See id.* Furthermore, because Pelton had arguable probable cause to arrest Cottam, Pelton is again entitled to immunity under Florida law. *See* Fla. Stat. § 768.28(9)(a).

## III

For the foregoing reasons, we conclude that Pelton is entitled to qualified immunity as to his § 1983 claims, and statutory immunity as to his state law claims. Accordingly, the district court's grant of summary judgment is affirmed.

**AFFIRMED.**

**UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 10, 2018

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 18-10094-JJ
Case Style: John Cottam v. Douglas Pelton
District Court Docket No: 5:16-cv-00413-JSM-PRL

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1.

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against appellant.

Please use the most recent version of the Bill of Costs form available on the court's website at www.ca11.uscourts.gov.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Tiffany A. Tucker, JJ at (404)335-6193.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs



18-10094-JJ John Cottam v. Douglas Pelton "Opinion Issued On the Courts own Motion Opinion" (5:16-cv-00413-JSM-PRL)ecf_help to: efile_appeals 09/10/2018 10:37 AM
From: ecf_help@ca11.uscourts.gov
To: efile_appeals@flmd.uscourts.gov

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

United States Court of Appeals for the Eleventh Circuit

**Notice of Docket Activity**

The following transaction was filed on 09/10/2018

Case Name: John Cottam v. Douglas Pelton
Case Number: 18-10094
Document(s): Document(s)

**Docket Text:**
Opinion issued by court as to Appellant John Cottam. Decision: Affirmed. Opinion type: Non-Published. Opinion method: Per Curiam. The opinion is also available through the Court's Opinions page at this link http://www.ca11.uscourts.gov/opinions.

**Notice will be electronically mailed to:**

Anna Engelman
Dale Alan Scott
Elizabeth Warren, Clerk of Court

**Notice sent via US Mail to:**

John Cottam
802 CENTERBROOK DR
BRANDON, FL 33511

The following document(s) are associated with this transaction:
Document Description: Opinion
Original Filename: 201810094.pdf
Electronic Document Stamp:
[STAMP acecfStamp_ID=1160056652 [Date=09/10/2018] [FileNumber=8558864-0]
[811035ae01c17b902d003d5979d007ef10c1b65a205288512dfd06aa74ed6c4b52c8872257681e70d91b9147cdb49d1067dbe16d61acbeb337debb8e1b018f64]]

Document Description: OPIN-1A Notice to Counsel/Parties
Original Filename: /opt/ACECF/live/forms/jeff_patch_1810094_8558864_OPIN-1AIssuanceofOpinionWithCosts_301.pdf
Electronic Document Stamp:
[STAMP acecfStamp_ID=1160056652 [Date=09/10/2018] [FileNumber=8558864-1]
[61c69eb31a1d90d9112b5f65033683beefa30b1ee5d1c21a3d7df27bcfdf4c6ebd48a2301a6446adcc9dd596a4990ac955940623ed4097a74b6577895d88e552]]
Recipients:

- John Cottam
- Anna Engelman
- Dale Alan Scott
- Elizabeth Warren, Clerk of Court